UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR FEIMSTER, o/b/o
THADDEUS J. FEIMSTER,

    Plaintiff,                                     CIVIL ACTION NO. 06-11128

    v.                                            DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record supporting the Commissioner's determination denying childhood disability benefits.

\*    \*    \*

Claimant is a minor male child who is now thirteen years old. His father, Victor Feimster, filed an application for Social Security Supplemental Security Income (SSI) childhood disability benefits on his behalf on January 14, 2002, alleging incapacity due to severe emotional impairments. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held on October 6, 2004, before Administrative Law Judge Neil White. Claimant and his father appeared and testified. In a decision dated October 27, 2004, Judge White determined that the claimant

was not entitled to childhood SSI benefits because his mental deficiencies were not severe enough to meet or medically equal any of those found in the Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of childhood SSI benefits was supported by substantial evidence on the record.

Claimant's father testified at the administrative hearing that his son frequently got into fights with his siblings and other children (TR 243, 245). Mr. Feimster added that Thaddeus was often reprimanded by his teachers for having arguments with his classmates (TR 245). Thaddeus also had trouble completing his chores and cleaning up after himself (TR 243). The father explained that Thaddeus had a problem sitting quietly, and that he did not appear to listen to instructions (TR 245-246). Thaddeus testified that he enjoyed playing games and riding his bicycle (TR 247). He was able to identify his sixth grade teacher by name (TR 248).

ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(a)(3)(C)(i). To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

> 1. A child will be found "not disabled" if he engages in substantial gainful activity.
>
> 2. A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.

> 3. A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

> 1. Acquiring and using information;
>
> 2. Attending and completing tasks;
>
> 3. Interacting and relating with others;
>
> 4. Moving about and manipulating objects;
>
> 5. Caring for yourself; and
>
> 6. Heath and physical-being.
>
> 20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled. 20 C.F.R. 416.926a(d).

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that he was indeed impaired as a result of attention deficit hyperactivity, a conduct disorder, a speech impairment and borderline intellectual

---

[1] A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

functioning, but these conditions were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo,  resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Plaintiff does not challenge the ALJ's finding that Thaddeus did not meet or medically equal a listed impairment. Nor does he challenge the ALJ's finding that Thaddeus had less than marked limitations in four of the six areas of functioning (Plaintiff's Brief at p.7-10). Plaintiff instead contends that, because Thaddeus' hyperactivity and conduct disorder have caused marked limitations in his ability to complete tasks (domain #2) and to interact and relate to others (domain #3), he has satisfied the standard for functional equivalence (Plaintiff's Brief at p. 6)

Substantial evidence existed on the record supporting the Law Judge's decision denying childhood disability benefits. The medical evidence of record showed that, despite ongoing behavioral problems, Thaddeus' conduct did improve with medication (TR 163). While Thaddeus had some difficulty keeping his attention at school and often daydreamed (TR 109, 122), he was able to perform age appropriate school work, earning grades of B- and C+ (TR 164). Dr. Marianne Goergen, an examining psychologist, reported that Thaddeus was able to sit quietly on the couch, remain attentive and alert, and was able to answer questions posed to him (TR 164). The results from a reading test (the Wide Range Achievement Test) administered by Dr. Goergen showed that Thaddeus obtained a score that placed him well above the average reading level of his classmates (TR 165).

Karen Ostad, the child's teacher, completed a school activity questionnaire in which she indicated that Thaddeus was able to do his school work as long as he had supervision and a high level of structure (TR 89). The teacher added that Thaddeus understood his

class work, but simply refused to do it. Ms. Ostad further stated that Thaddeus had no problem responding to changes in classroom routine, and that he remained capable of caring for personal hygiene (TR 89).  Given these first hand reports, substantial evidence existed on the record supporting the ALJ's determination that Plaintiff had less than a marked limitation in his ability to focus and maintain attention in order to complete tasks.

With regard to Thaddeus' ability to interact and relate with others (domain #3), one school record revealed that he was a very likable child who got along relatively well with his peers (TR 122).  Ms. Gayle Butler, the child's fifth grade teacher, stated that Thaddeus liked to please adults and accepted correction without showing any anger (TR 122). That statement was corroborated by another teacher, Ms. Billie Jean Jamison, who indicated that Thaddeus got along well with adults as well as his classmates (TR 110).  Examining mental health professionals reported that Thaddeus liked to make others laugh (TR 145), and that he was able to maintain a fair rapport with others (TR 161).  Given this evidence, the ALJ reasonably found that Thaddeus' symptoms were of a frequency and severity that would result in a less than a marked limitation when interacting and relating to others.

A state agency doctor[2] who reviewed the record found that Plaintiff's impairments did not functionally equal the listings (TR 138). The opinion was well supported by the record evidence, discussed above, which provided the Law Judge with substantial evidence that Thaddeus' emotional difficulties did not functionally equal the Listing of Impairments.

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(I) (2006).

In arguing that the child's behavioral problems were severe enough to warrant disability benefits, Plaintiff makes reference to disciplinary records submitted to the Appeals Council (Plaintiff's Brief at p. 14). In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Administrative Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 183-199) was not considered by the undersigned.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: November 14, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 14, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 14, 2006. **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217